**Saverio RUSSO, Suing on Behalf of Himself and All Other Persons Similarly Situated, and the Dependents Thereof, Plaintiff,**

v.

**James KIRBY, Commissioner of Social Services for Suffolk County, Defendant.**

**No. 71–C–1237.**

United States District Court, E. D. New York.

Dec. 13, 1971.

See also 2 Cir., 453 F.2d 548.

Cohn, Glickstein, Lurie & Ostrin, New York City by Philip D. Tobin, New York City, of counsel, for plaintiff.

George W. Percy, Jr., County Atty., Suffolk County, Riverhead, N. Y. by Stanley S. Corwin, Chief Asst. County Atty., Suffolk County, of counsel, for defendant.

**MEMORANDUM AND ORDER ON FOOD STAMP ADJUSTMENTS**

JUDD, District Judge.

In this civil rights action to establish the right of striking New York Telephone Company employees to receive various forms of public welfare assistance, a separate issue was presented concerning the court's power to direct retroactive issuance of food stamps. The court previously ruled, on a motion for preliminary injunction, that food stamps had been improperly denied to households where a member was on

strike. Most New York Telephone Company strikers have not had to rely on public welfare before, and some of them may already have found other employment which would terminate their eligibility even for food stamps.

### The Statutory Right to Food Stamps

■ It is clear from the Food Stamp Act that participation in a strike does not deprive a person of the right to food stamps if he or she is otherwise qualified. Any doubt on this subject was removed by the 1971 amendment (P.L. 91–671) which added subdivision (c) to 7 U.S.C. § 2014. The section now provides for the adoption of uniform national standards of eligibility, including a provision which excludes households containing an able-bodied adult who fails to register for employment or accept employment. The concluding sentence of subsection (c) states:

Refusal to work at a plant or site subject to a strike or a lockout for the duration of such strike or lockout shall not be deemed to be a refusal to accept employment.

Refusal of food stamps on the basis of implications drawn from the 1971 amendments to the New York Social Services Law, Section 131(4), was therefore clearly improper. The refusal could have been corrected by a fair hearing pursuant to 7 U.S.C. § 2019(e) (6), if defendant had informed the strikers of their rights as required by the regulations, 37 C.F.R. § 271.1(o) (1).

### The Necessity of a Remedy for Wrongful Refusal to Issue Food Stamps

The nature of the food stamp program indicates the necessity of providing some remedy for wrongful refusal to issue food stamps to an eligible applicant.

In enacting the food stamp legislation, Congress acknowledged the relationship between hunger and malnutrition and "limited food purchasing power." 7 U. S.C. § 2011 as amended. The final sentence of amended Section 2011 states:

To alleviate such hunger and malnutrition, a food stamp program is herein authorized which will permit low-income households to purchase a nutritionally adequate diet through normal channels of trade.

It is clear that Congress intended that the state agency would provide an opportunity to participate to all those households which are eligible. 7 U.S.C. § 2013(a) as amended.

Applicants for food stamps should be entitled to the same judicial protection of their rights as recipients of welfare benefits. The Supreme Court stated in Goldberg v. Kelly, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970), that welfare benefits are "a matter of statutory entitlement for persons qualified to receive them."

■ Although the statute and regulations give no specific remedy, the general rule is that an injured individual must be afforded a remedy when a federally protected right has been invaded. As was stated in Bell v. Hood, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946),

. . . courts will be alert to adjust their remedies so as to grant the necessary relief.

See also J. I. Case Co. v. Borak, 377 U.S. 426, 433, 84 S.Ct. 1555, 1560, 12 L.Ed.2d 423 (1964); Dancy v. United States, 124 U.S.App.D.C. 58, 361 F.2d 75 (1966).

One sanction for failure to comply with an instruction issued pursuant to the Department of Agriculture regulations is the right of the Department to suspend all benefits in a project area. 7 C.F.R. § 271.1(t). Courts may design less drastic remedies for denial of federal rights. Cf. Catholic Medical Center v. Rockefeller, 305 F.Supp. 1256, 1263–1264, 1270 (E.D.N.Y.1969), aff'd 430 F.2d 1297 (2d Cir. 1970).

Retroactive food stamp adjustments after a fair hearing are forbidden by the Department of Agriculture F.N.S. Instruction 732–14, entitled "Food

Stamp Program: Fair Hearing Procedure for Households," which states in Part IV–D, "Limits of Adjustment After Decision" that

Past food consumption cannot be increased or otherwise altered. Therefore, following the hearing decision, retroactive adjustments in favor of the household shall not be permitted.

This regulation is supported by the fact that the stamps are good only for a month, and issuance of more than one month's supply at a time would create a temptation to sell the stamps or the food obtained through use of the stamps.

Forward adjustment is not subject to these objections. It merely extends eligibility for the number of months the participant was wrongfully denied stamps. The participant would still purchase only one month's allotment each month and would not receive stamps in excess of the estimated monthly consumption of the household. Where a forward adjustment is made, the participant would not be tempted to sell the stamps or hoard food, but could use the money saved on food purchases to repay loans or credit received during the period when food stamps were improperly withheld, or to fill other family needs that had to go unfilled in that period. Nothing in the regulations forbids a forward adjustment by the issuance of additional food stamps in future months.

■ Testimony indicated that forward adjustments were actually granted by Suffolk County in two instances to New York Telephone Company strikers. The same relief seems appropriate for all similar cases.

### Class Action

■ Defendant suggests that any relief must be confined to the named plaintiff in the absence of a class action order. This is clearly a case maintainable as a class action under F.R.Civ.P. 23(b) (2), where the defendant has acted or refused to act on grounds generally applicable to the class. Determination of the notice required under the Court of Appeals' interpretation of Rule 23(c) (2) will require further consideration by the parties and the court, but the order required under Rule 23(c) (1) may be made at this time.

It is ordered, (1) that in respect of any New York Telephone Company strikers who were refused food stamps because of their being on strike, and who have thereafter ceased to qualify for such food stamps, they shall be issued food stamps for a further number of months equal to the number of months for which they were eligible and were denied food stamps, and (2) that this action may be maintained as a class action pursuant to Rule 23(b) (2) of the Federal Rules of Civil Procedure, without prejudice to future provision for notice to the class.