Lula Mae **MURRY** et al., Plaintiffs,

v.

**U. S. DEPARTMENT OF AGRICULTURE** et al., Defendants.

**Civ. A. No. 1412–72.**

United States District Court,
District of Columbia.

Aug. 14, 1972.

Roger A. Schwartz, Center on Social Welfare Policy and Law, New York City, for plaintiffs.

Peter J. P. Brickfield, Department of Justice, Washington, D. C., for defendants.

Before ROBB, Circuit Judge, HART and GESELL, District Judges.

## PER CURIAM MEMORANDUM AND FINAL ORDER

A three-judge Court has been convened pursuant to 28 U.S.C. §§ 2282 and 2284 to consider the constitutionality of the "tax dependent" Amendment to the Food Stamp Act (7 U.S.C. § 2014(b)). This Amendment, effective January, 1971, provides in pertinent part:

"Any household which includes a member who has reached his eighteenth birthday and is claimed as a dependent child for Federal income tax purposes by a taxpayer who is not a member of an eligible household, shall be ineligible to participate in any food stamp program established pursuant to this chapter during the tax period such dependency is claimed and for a period of one year after expiration of such tax period."

Plaintiffs, as proper representatives of households adversely affected by this Amendment, brought a class action seeking an injunction against continued enforcement of the Amendment and its implementing regulations. There are no facts in dispute and the issues have been fully briefed and argued.

The primary and announced purpose of the Amendment, as defendants acknowledge, was to deny benefits of the Food Stamp Program to non-needy college students. The Amendment, however, goes far beyond this and its operation is inflexible. Households containing no college student, that had established clear eligibility for Food Stamps and which still remain in dire need and otherwise eligible are now denied stamps if it appears that a household member 18 years or older is claimed by someone as a tax dependent. The legitimacy of the claimed dependency, the amount of support, if any, received by the household member, or the continued *bona fide* needs of the impoverished household are not considered. Where, as may frequently be the case, the claimed tax dependency is made by an absent father no longer a member of the household, there is, for example, no rational relationship between denial of food stamps to the deserted, destitute household and the resources available to or provided by the father claiming dependency. The result is the same if the father, claiming dependency, does so without legal justification in that he contributes nothing to the claimed dependent. The arbitrary result is compounded by the Amendment's requirement that ineligibility continue a calendar year beyond the year in which dependency is claimed.

Assuming the legitimacy of the Congressional purpose, the Amendment wholly missed its target. By creating an irrebuttable presumption contrary to fact, the Amendment classifies households arbitrarily along lines that have no rational relationship to the statutory scheme or the Amendment's apparent purpose. It creates a classification which denies similar treatment to all persons similarly situated and is, on its face and by its operation as established in this record, grossly unfair. Thus, there is both a denial of due process and of equal protection. Schlesinger v. Wisconsin, 270 U.S. 230, 46 S.Ct. 260, 70 L. Ed. 557 (1926); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); and Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920); Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L. Ed.2d 225 (1971).

Defendants' reliance on Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), is misplaced. Equal protection questions must be resolved on a factual basis and *Dandridge* involved nothing approaching the sweep-

ing, arbitrary effect of this challenged Amendment.

The "tax dependent" Amendment to the Food Stamp Act violates the Fifth Amendment to the Constitution and its further enforcement and implementation by defendants is permanently enjoined.

So ordered.