**Mercedes Ortiz BERMUDEZ et al.,
Plaintiffs,**

v.

**U. S. DEPARTMENT OF AGRICUL-
TURE et al., Defendants.**

Civ. A. No. 1534–72.

United States District Court,
District of Columbia,
Civil Division.

Oct. 5, 1972.

———————

Ronald F. Pollack, Roger A. Schwartz, New York City, John R. Kramer, Washington, D. C., for plaintiffs.

Robert Werdig, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs challenge the federal food stamp program policy of refusing to issue retroactive stamps to eligible households wrongly denied stamps due to administrative errors. The federal food

stamp program has had a turbulent history. Retroactive benefits have been alternately denied by two administrative instructions and reinstated by a statutory amendment, administrative regulations, and finally by a federal court order.[1] Plaintiffs ask that this issue be finally resolved by permanently enjoining the federal policy and declaring it unconstitutional.

■ Plaintiffs act for themselves and for the class of impoverished persons who, having won "fair hearing" determinations that stamps were wrongly withheld, have been consistently denied retroactive benefits pursuant to Food and Nutrition Instruction 732–14, Sec. V-D. In each case, deprivation of food subsidies for periods of several months denied plaintiff households nutritionally adequate diets and/or forced them to incur substantial debt from attempting to afford both adequate food and household necessities. These consequences persist despite plaintiffs' reinstatement to the food stamp roles, leaving some households with a malnourished child and others forced to use money intended for food to repay a burgeoning debt. This cause is certified as a class action, having met the requirements of Rule 23, Federal Rules of Civil Procedure, and being further warranted by the need for the federal defendants to implement a uniform policy nationwide.[2]

After a hearing on the motion for injunctive and declaratory relief and opposition thereto, and consideration of plaintiffs' motion for summary judgment, the Court enters the following order and memorandum opinion which shall constitute final findings of fact and conclusions of law.

The irreparable harm to the plaintiff class is conceded by both parties to this action, and the only remaining issues are whether plaintiffs have a right to be made whole and, if so, who bears that responsibility.

■ On the latter point, the government argues that the states are responsible for paying for retroactive stamps and because of the failure to join them as indispensable parties this action should be dismissed under Rule 19, Federal Rules of Civil Procedure. The gravamen of this argument is that the states, as exclusive administrators of the program, assume the costs of administrative expenses, one of which is retroactive stamps. The government makes the additional argument that any other arrangement would be inconvenient since local errors can only be investigated locally. The Court finds, however, that joinder is not warranted. The states fail to meet the standard for indispensability set in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), i. e.,

---

1. The first Food and Nutrition Service Instruction 732–14, IV–D (May 28, 1970) denied retroactive benefits; in January, 1971, a statutory amendment provided for "the granting of a fair hearing and a prompt determination thereafter, to any household aggrieved by the action of a State agency . . ." (7 U.S.C. Sec. 2019(e)(6)). In April, 1971, the federal government attempted to implement regulations expressly authorizing retroactive benefits lost due to administrative error (see 36 Fed.Reg. 7244; 7 C.F.R. Sec. 271.1) These regulations forced the states to pay for retroactive benefits, and they were never implemented allegedly because the states complained of being financially unable to carry that burden. Regulations promul-

gated in July, 1971, deleted all reference to retroactive benefits; and in September, 1971 defendants issued the INS Instruction 732–14, Sec. V–D, challenged in this action. On January 18, 1972, in Tindall v. Hardin, 337 F.Supp. 563 (W. D.Pa., 1972) this Instruction was enjoined as to the plaintiffs only and not to their class in that action.

2. The class, estimated to be in the thousands, is so numerous as to make joinder impracticable. There are questions of law and fact common to the class and the claims of the representative parties are typical of the class. Finally, the representative parties will fairly and adequately protect the interests of the class.

that the action can not proceed without the states and still provide the relief due without impairing the interest of those absent. The present action merely adjudicates the rights of plaintiffs vis à vis the federal defendants, and requests only rescission of a federal policy. Further, a decree for relief can obviously be drafted so as to protect any interest the states might have. In any event, the argument for joinder assumes the strength of the government's case on the merits, i. e., that the states are liable for retroactive stamps. However, the Court holds that the federal defendants are liable for retroactive relief due the affected class. The most persuasive support for this holding is the fact that the Food Stamp Act shows a congressional intent to have program benefits paid by the federal government and a portion of the administrative expenses paid by the states. (7 U.S.C. §§ 2023(d), 2024, 2025) The District Court in Tindall v. Hardin, 337 F.Supp. 563, recognized this intention in the program's operation:

> The coupons are accepted at face value by grocery concerns approved to participate in the plan, and are eventually redeemed at face value by the federal government.

There is little merit to the argument that retroactive stamps are an administrative cost, since it is quite clear that they represent a budgeted expenditure inadvertently saved through administrative error. Further, making forward adjustments would eliminate defendants' concern over a potential black market developing from the windfall of stamps issued retroactively.[3]

The federal policy of denying retroactive benefits violates the purposes of the Food Stamp Act,[4] and its grant of a fair hearing to those aggrieved by government action. 7 U.S.C. § 2019(e)(6). Plaintiffs' statutory entitlement cannot be denied without due process. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Clearly, the sham hearing provided, one which plaintiffs cannot win, falls far short of fifth amendment requirements.

3. Forward adjustments mean that each member of the class is issued an adequate number of stamps per month at no cost until he recovers the excess money spent for food when stamps were withheld. Thus, if a hypothetical recipient had received a monthly allotment of $100 worth of food stamps at a cost of $20, he was receiving $80 worth of food at no cost. If wrongly denied stamps for one month, plaintiff has lost $80, which can be amortized over a period of four months by giving plaintiff the next four months worth of food stamps at no cost per month, see Torez v. Roberts, S.D.Fla., September 20, 1972, Case No. 72–1300 Civ—JE.

4. The Act provides that since "limited food purchasing power of low income households contributes to hunger and malnutrition among members of such households . . . a food stamp program is herein authorized which will permit low-income households to purchase a nutritionally adequate diet . . ." P.L. 91–671, 84 Stat. 2048, 7 U.S.C. §§ 2011, 2013(a). See Moreno v. United States Department of Agriculture, 345 F.Supp. 310, D.C.D.C.1971.

The federal eligibility standard creates a class to whom stamps must be issued and the standard can only be altered by Congress itself. Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); Russo v. Kirby, 335 F.Supp. 122 (E.D.N.Y., 1971).