**Carnela BASEL, Plaintiff,**

v.

**Earl L. BUTZ et al., Defendants.**

**Civ. A. No. 74–1324.**

United States District Court,
District of Columbia,
Civil Division.

Feb. 14, 1975.

Ronald F. Pollack, Roger A. Schwartz, Food Research and Action Center, Inc., New York City, Neal S. Dudovitz, Legal Services of Eastern Mich., Flint, Mich.,

Alan W. Houseman, Richard Skutt, Mich. Legal Services Assistance Project, Detroit, Mich., John R. Kramer, Washington, D.C., for plaintiff.

Earl J. Silbert, Arnold T. Aikens, Peter C. Schaumber, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

JOHN H. PRATT, District Judge.

This is an action by plaintiff on behalf of herself and all others similarly situated for declaratory and injunctive relief to set aside and declare unconstitutional certain of defendants' regulations [7 C.F.R. §§ 271.1(n)(1) and 271.1(n)(2)(v) as repromulgated at 39 Fed.Reg. 26001 (July 15, 1974)]. These regulations, issued under the Food Stamp Act of 1964, [7 U.S.C. § 2011 et seq.] permit the termination or reduction of food stamp benefits without the opportunity of advance notice and a hearing at or around the time of requests for recertification.*

In the case of the Food Stamp Program, certification to receive food stamps is for a fixed limited period of time and terminates upon expiration of such period unless requests for recertification are made and acted upon prior to termination.

Plaintiff has moved to certify this as a class action, and for summary judgment or in the alternative for a preliminary injunction. Plaintiff asserts that her entitlement to food stamps is a property interest entitled to the procedural due process protections of the Fifth Amendment. Plaintiff relies in large part on the recent decision of the Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) which held that a state must afford a hearing prior to a decision to terminate welfare payments.

---

* An attempt to amend the law by providing for self-certification as to eligibility and termination only after a hearing was defeated in the Senate in 1973. 119 Cong.Rec. 10742 (June 8, 1973).

■ The defendants have filed oppositions to plaintiff's motions for certification as a class action, and for summary judgment or in the alternative for a preliminary injunction, and have moved to dismiss on the grounds of failure to state a cause of action and for mootness. Since we hold that plaintiff's motion to proceed as a class action under Rule 23 of F.R.Civ.P. should be granted, Murry v. United States Department of Agriculture, 348 F.Supp. 242 (D.D.C. 1972), aff'd 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973); Bermudez v. United States Department of Agriculture, 348 F.Supp. 1279 (D.D.C.1972), aff'd 160 U.S.App.D.C. 150, 490 F.2d 718 (1973), (both cases involving class actions by food stamp recipients), the fact that plaintiff Basel has been recertified to receive food stamps and therefore no longer has a personal stake, does not prevent her from continuing to litigate the issues for the class. Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968). Defendants' claim of dismissal for mootness is therefore without merit.

More serious is defendants' claim that *Goldberg, supra*, does not apply for the reason that the "brutal need" of the welfare recipient is not felt by plaintiff and the class she represents. Defendants point out that plaintiff's food stamp bonus is only $34.00 per month and that the average food stamp recipient's bonus is only about $17.54 per month. Defendants rely heavily on Torres v. New York State Dept. of Labor, 321 F.Supp. 432 (S.D.N.Y.), vacated and remanded, 402 U.S. 968, 91 S.Ct. 1685, 29 L.Ed.2d 133, judgment reinstated, 333 F.Supp. 341 (S.D.N.Y.1971), aff'd per curiam, 405 U.S. 949, 92 S.Ct. 1185, 31 L.Ed.2d 228 (1972). In this case, a three-Judge federal court held that recipients of unemployment compensation were neither statutorily nor constitutionally entitled to an evidentiary hearing prior to termination of their benefits. After a remand from the Supreme Court in the light of California Dept. of Human Resources v. Java, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971), the three-Judge court distinguished *Java* and reinstated its judgment, which the Supreme Court affirmed per curiam. The Supreme Court thus left intact the summary affirmance of the lower court's finding that procedural due process did not require adequate notice and an evidentiary hearing prior to the termination of unemployment benefits. This decision appears to be the only statement of the Supreme Court concerning the applicability of the procedural protections of *Goldberg, supra*, to other forms of assistance and indicates a reluctance to extend such protections to other programs of government assistance.

■ Upon the present record, we are unable to find that plaintiff and the class she represents, as beneficiaries of a supplemental program of assistance, are "destitute, without funds or assets" so that to terminate them "in the face of * * * 'brutal need' without a prior hearing of some sort is unconscionable." *Goldberg, supra*, 397 U.S. p. 261, 90 S.Ct. p. 1016. We therefore hold that the test of *Goldberg* has not been met and that defendants are not required to grant notice and hearing of termination or reduction of food stamp benefits at or around the time of recertification.

In the light of the foregoing discussion, it is by the Court this 14th day of February, 1975,

Ordered, that (1) plaintiff's motion to certify this suit as a class action is granted, and (2) plaintiff's motion for summary judgment, or, in the alternative, for a preliminary injunction is denied; and it is

Further ordered, that defendants' motion to dismiss for failure to state a claim be and the same is hereby granted.