Emma **LAMBUS** et al., Plaintiffs,

v.

James F. **WALSH** et al., Defendants.

No. 76 CV 228–C.

United States District Court,
W. D. Missouri, C. D.

April 10, 1978.

Stuart R. Berkowitz, Shirley Allen, The Legal Aid Soc. of the City and County of St. Louis, St. Louis, Mo., for plaintiffs.

Robert R. Northcutt, Mo. Div. of Family Services, Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Plaintiff Emma Lambus applied for food stamps under the federal-state food stamp program on December 17, 1975, and was approved for food stamps on January 19, 1976. On February 18, 1976, plaintiff appealed the rate of issuance of her food stamps and a hearing was held on March 24, 1976. On April 20, 1976, sixty-two days following her request for a hearing, plaintiff received a decision partially favorable to her. That decision was not implemented, however, so as to provide plaintiff the relief she sought, until several months following the hearing decision. In the meantime, plaintiff brought this action on behalf of herself and a class of individuals similarly situated, for declaratory and injunctive relief requiring defendants to comply with federal law and regulations which plaintiff contends require prompt, definitive and final administrative action within sixty (60) days from the date of a request for a hearing in a food stamp case.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4) relating to actions arising under 42 U.S.C. § 1983, and by the provisions of 28 U.S.C. § 1331. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

### The Parties

Defendants are state officials charged with the responsibility of administering the food stamp program in Missouri. Defendant James F. Walsh is sued individually and as the Director of the Department of Social Services for the State of Missouri. As Director, Mr. Walsh is responsible for the general departmental direction of the Missouri Department of Social Services. Defendant Phyllis Reser is sued individually and as Director of the Division of Family Services of the Department of Social Services for the State of Missouri. In her capacity as Director, Ms. Reser is responsible for the general administration of all public assistance and food stamp activities for the State of Missouri. Defendant John Doe or his assigns or successors is sued individually and as Director of the St. Louis County Office of the Missouri Division of Family

Services. As Director, Mr. Doe has general responsibility for the administration of Aid to Families with Dependent Children (AFDC), Medicaid and food stamp programs in St. Louis County subject to the immediate supervision of defendant Reser.

The parties have agreed that this action should proceed as a class action, and have stipulated that the class of plaintiffs includes:

all persons who have requested or will request food stamp fair hearings from defendants and who have not or will not receive prompt, definitive and final administrative action within sixty (60) days from the date that they request the hearing.

Upon the Court's finding that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, the class was certified on the record at the hearing held in this action on February 10, 1977.

### The Issues

Section 2019(e) of the Food Stamp Act, 7 U.S.C. § 2011, *et seq.*, requires that:

The State agency of each State desiring to participate in the food stamp program shall submit for approval a plan of operation . . . . In addition, such plan of operation shall provide, among such other provisions as may by regulations be required, the following: (8) for the granting of a fair hearing and a prompt determination thereafter to any household aggrieved by the action of a State agency under any provision of its plan of operation as it affects the participation of such household in the food stamp program.

The federal regulations implementing the statute, 7 C.F.R. § 271.1(*o*)(9)(ii), further require that:

The State agency must take prompt, definitive and final administrative action within 60 days of such request [for a hearing].

Further, at 7 C.F.R. § 271.1(*o*)(11), the regulations provide:

The State agency is responsible for assuring that all hearing decisions are promptly implemented. When the hearing authority rules that a household has been improperly denied program benefits or has been overcharged for its coupon allotment, credit for such lost benefits or refund of the overcharge shall be promptly provided if appropriate.

According to plaintiffs, 7 C.F.R. § 271.1(*o*)(9)(ii) requiring "prompt, definitive and final administrative action," mandates that not only a hearing, but the implementation of the hearing decision, occur within sixty days. Plaintiffs contend that the United States Department of Agriculture's position is consistent with this view:

The Agency shall assure that local agencies take prompt action to implement decisions of the hearing authority.

. . . . Final administrative action shall be taken not later than 60 days from the date of the fair hearing request. However, if the head of the household or his representative requests a delay in the proceedings at the outset in order to prepare the case or for any other essential reason, the time limit for action on the decision may be extended for as many days as the hearing is delayed. For example, if the hearing was delayed for 10 days, a final action would be required 70 days after the fair hearing request.[1]

Plaintiffs further contend that defendants' failure to implement fair hearing decisions within sixty days is a denial of their rights to due process and equal protection of the law. In support of these contentions, plaintiffs rely primarily upon the decision in *Bermudez v. United States Department of Agriculture*, 348 F.Supp. 1279 (D.D.C.1972).

█ Defendants maintain that the federal regulations require only the holding of a hearing and issuance of a decision within sixty days, and not actual implementation of the decision by issuance of food stamps

---

1. *The Food Stamp Certification Handbook*, Food and Nutrition Service, U.S. Department of Agriculture, Section 2561.

or repayment of monies overpaid. At the hearing held in this action on February 10, 1977, defendants admitted that plaintiff Lambus did not receive a hearing decision within sixty days of her request, and further stated that "the majority of our hearing decisions are not implemented by issuance to an individual of food stamps or the payment to that individual of money which is found that they are owed, within the sixty-day period."[2] Following that hearing, due to a dispute between the parties as to the significance of defendants' counsel's statements at the hearing, the parties were permitted to submit further evidence. Plaintiffs and defendants chose to submit food stamp compliance figures to illustrate the extent to which defendants were or were not providing hearing decisions in food stamp cases within the sixty-day period. Although defendants also listed three witnesses to be called, they subsequently have withdrawn that request, and the parties now agree that this action is fully and finally submitted for the Court's determination.[3]

### The Merits

■ Other courts have had the opportunity to interpret the meaning of "prompt, definitive and final administrative action" in the context of cases involving delay in welfare fair hearings and delays in implementation of AFDC appeals. In *Nelson v. Sugarman*, 361 F.Supp. 1132, 1137 (S.D.N.Y. 1972), the Court rejected defendants' argument that the applicable regulation[4] required only that fair hearing decisions be rendered within sixty days of the date of the request and that the state was not obligated to implement the decisions within sixty days. Instead, the Court found, 361 F.Supp. at 1142, that:

. . . . To fully satisfy the 60-day requirement, the state department must also implement procedures to assure that timely fair hearing decisions issued by that department will result in "the mailing of [a] check or increased check, or notification of denial of assistance or increased assistance," within 60 days of the hearing request. . . . It is the state department's responsibility to apprise local social services officials of this federally-imposed duty and to supervise its fulfillment.

Similarly, in *Guerrero v. Schmidt*, 352 F.Supp. 789 (W.D.Wis.1973), the Court held in connection with the requirement of 45 C.F.R. § 205.10, that:

. . . defendants' policy and practice of failing to provide final administrative action, including implementation of fair hearing decisions, within ninety (90) days for those who petition for administrative fair hearings violates rights secured plaintiffs and members of their class.

. . .

Most recently, in *Mikel v. Reser*, 440 F.Supp. 226 (E.D.Mo.1977), where the plaintiffs challenged defendants' failure to timely process AFDC appeals, the Court interpreted 45 C.F.R. § 205.10(a)(16), with its requirement for "prompt, definitive and final administrative action" within 90 days

---

**2.** Transcript, p. 5. The statement of defendants' counsel at that hearing indicated that rather than granting final relief within sixty days, the policy of defendants was to give a determination that is "favorable if otherwise eligible," and to require in many instances that the applicant re-apply in order to determine overall eligibility.

**3.** Defendants' submission of these figures apparently is their attempt to show that they are in substantial compliance with the federal regulations as interpreted by plaintiffs. Even were the Court to find defendants now in substantial compliance, however, defendants have not indicated that that compliance is anything but voluntary. In view of defendants' apparent reten-

tion of the belief that the regulations do not *require* final implementation within sixty days, this action would not be moot.

**4.** The regulation at issue in *Nelson*, which governs public assistance fair hearings, appeared at 45 C.F.R. § 205.10(a)(11). Like the regulation at issue herein, it required that: "*Prompt, definitive and final administrative action* shall be taken within 60 days from the date of the request for a hearing." [emphasis supplied] The regulation was changed in 1973 to extend the time limit from sixty days to its present requirement of 90 days, which appears at 45 C.F.R. § 205.10(a)(16).

from the date of the request for a hearing, as requiring implementation of hearing decisions within 90 days. Quoting from the *Nelson* decision, supra, the Court stated:

The [90-day] rule is precisely designed to minimize the period of delay, and as HEW points out, an interpretation of that rule which only requires a hearing decision within [90] days would leave its "implementation open to bureaucratic delays of uncertain duration".

Although they involve a different federal regulation than that interpreted in the three preceding cases, the circumstances of the case at bar are substantially similar. This Court has no difficulty in determining from the plain language of the regulation, 7 C.F.R. § 271.1 *et seq.*, and from the applicable case authority, that federal law requires not only the rendering of a fair hearing decision, but implementation of that decision, within sixty days of the date of the hearing request.

■ Despite the evidence which indicates that defendants are making improvements in rendering decisions within the sixty-day period, the Court is not convinced that injunctive relief is inappropriate in this case. The exhibits reflect merely the promptness of defendants in rendering decisions, and they are silent as to the implementation period which follows the rendering of the hearing decisions. The only evidence on this point, the experience of plaintiff Emma Lambus, indicates that defendants are not acting upon the final decision within the sixty-day period.

Under these circumstances, therefore, both declaratory and injunctive relief are warranted. In view of the Court's determination of this issue, the questions of alleged violations of due process and equal protection will not be considered. Neither is it necessary at this time to resolve the question, raised by defendants' counsel at the February 10, 1977, hearing, of what constitutes substantial compliance by defendants with this Court's Order. As always, this Court will assume defendants' good faith in attempting to comply with the law and the Orders of the Court, and the matter of substantial compliance will become an issue only if and when it appears that defendants have not met those requirements.

For the foregoing reasons, therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that defendants' failure to fully implement fair hearing decisions by issuance of food stamps or repayment of monies overpaid, violates rights secured to plaintiff Lambus and members of the class by the Food Stamp Act, 7 U.S.C. § 2011, *et seq.*, and regulations promulgated thereunder, 7 C.F.R. § 271.1, *et seq.*; and it is further

ORDERED, ADJUDGED, AND DECREED that defendants, their successors, agents, and all those in active concert with them be, and they are hereby, enjoined forever and permanently from failing to provide prompt, definitive and final administrative action, including the issuance of food stamps or repayment of money, when the hearing decision is favorable, within sixty (60) days from the date that the fair hearing is requested, except in those cases in which the claimant has requested a delay or has failed to appear for a scheduled fair hearing, in accordance with the provisions of federal law; and it is further

ORDERED that within sixty (60) days of the date of this Order, and every 60 days thereafter, defendants shall submit to this Court and to counsel for plaintiffs the following information for each individual who requests a fair hearing: the individual's name and address, the date of the request for the hearing, the date of the hearing decision, and the date on which the decision is implemented. It is further

ORDERED that at any time after three (3) years from this date, upon motion of a party or upon the Court's own motion, the Court may terminate the reporting requirements imposed herein.