■ ROBERT REINBOLT et al., Respondents, v JOHN A. WEBER, as Commissioner of the Niagara County Department of Social Services, et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: Respondents are employees of National Grinding Wheel Company in North Tonawanda, New York. They participated in a legal strike from January 30, 1976 until February 15, 1976 and during that time respondents applied for food stamps under the provisions of Food Stamp Act (US Code, tit 7, § 2011 *et seq.).* Concededly, they qualified for food stamps; however, their applications, although promptly submitted, were not processed before February 4, the administrative deadline established to permit issuance of ATP (authorization to purchase) cards. By the time the applications were processed by the local agency, the strike had ended and respondents had returned to work. Their benefits were terminated by the local agency before they received any food stamps. The agency acted pursuant to a regulation of the Federal Food and Nutrition Service which prohibited retroactive benefits to applicants not currently eligible (see 39 Fed Reg 13012–13013 [1974]). After a fair hearing, the State commissioner affirmed the local agency's ruling. It is settled that eligible applicants are entitled to food stamp benefits as a matter of right and that those benefits may not be denied retroactively *(Stewart v Butz,* 356 F Supp 1345, 1348–1349, affd 491 F2d 165; *Bermudez v United States Dept. of Agric.,* 348 F Supp 1279, affd 490 F2d 718, cert den

414 US 1104). Recognizing this, appellants contend that retroactive benefits were properly denied in this case because the applicants were not eligible at the time of certification because the strike had then ended and they had returned to work. Once the right to food stamps accrues, however, the applicants may not be denied benefits retroactively because of administrative error or delay in processing otherwise timely applications *(Tindall v Hardin,* 337 F Supp 563, affd *sub nom. Carter v Butz,* 479 F2d 1084, cert den 414 US 1094), even if the applicants have returned to work at the time of certification *(Russo v Kirby,* 335 F Supp 122, revd on other grounds 453 F2d 548). (Appeal from judgment of Niagara Supreme Court—article 78.) Present —Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.