John J. Ondrusek and Jane L. Ondrusek, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 7, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John J. Ondrusek,* petitioner, for himself and wife.

*Carol A. Genduso,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, July 18, 1985:

Petitioners, John J. Ondrusek and Jane L. Ondrusek, appeal from a decision of the Department of Public Welfare (DPW) which affirmed the calculation of Petitioners' food stamp benefits by the Lebanon County Assistance Office (CAO). We affirm.

The questions presented in this appeal are: whether public assistance payments should be included as income for purposes of calculating food stamp (FS) benefits; and whether court-ordered support payments should be excluded from income for FS purposes.[1]

Petitioners and their daughter composed a three-member FS household which received $181 per month in FS benefits. When Petitioners' daughter moved out in September of 1983, the CAO reduced Petitioners' FS benefits to $120, based on Petitioners' net monthly income for a two-person household. The CAO sent notice of the reduction to Petitioners on September 19, 1983. Petitioners appealed this computation to DPW, which affirmed.

Petitioners do not challenge the reduction of benefits based on a decrease in the number of persons in

---

[1] Our scope of review of a final order of DPW is limited to a determination of whether the adjudication was in accordance with the law, any constitutional rights were violated and the findings of fact were supported by substantial evidence. 2 Pa. C. S. §704; *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1008 (1981).

the household. What Petitioners contend is that the CAO's recomputation erroneously included as income the $117 Petitioners receive each month as public assistance, and failed to exclude the $7.50 Petitioners pay each week as court-ordered support arrearages.[2]

The pertinent regulation is found at 55 Pa. Code §523.3, which states in part:

(a) General income requirements. All payments received by household members will be income for Food Stamp purposes, except for those specified in subsection (c). The income considered will normally be that income received over a period of certification. Since this is generally a future period, the income considered will be that income anticipated by the household. In addition, adjustments in the form of deductions will be allowed for certain household expenses which detract from the ability of the household to meet food costs.

. . .

(2) Unearned income. Unearned income shall include but not be limited to:

_____

[2] The CAO calculated Petitioners' food stamp eligibility as follows:

Public Assistance

| | | | |
|---|---|---|---|
| | | | Standard |
| $ 117.00 | (PA) grant | $ 191 | shelter allowance |
| 130.31 | Interest from savings | + 32 | Utilities |
| + 14.90 | Interest from savings | 223 | Shelter costs |
| 262.21 | | — 89 | |
| — 85.00 | Standard deduction | $ 134 | Shelter deficiency |
| 177.21 | ÷ 2 = $89 | | |
| —115.00 | Allowable standard | | |
| | Net income for | | |
| $ 62.21 | FS purposes | | |

A two-person household with a net monthly income of $62 is entitled to FS in the amount of $120.

(i) Assistance Payments—Payments received from federally aided Public Assistance Programs (AFDC or AFDC-CU), General Assistance Programs (GA), the Supplemental Security Income Program (SSI), or other assistance programs based on need.

Petitioners argue that the $117 in public assistance payments they receive each month should be considered a loan from DPW, because Mrs. Ondrusek signed a public assistance lien upon their property for the cash grant, and because Mr. Ondrusek has signed a form for reimbursement for SSI benefits. We cannot agree with this position. The regulations are clear that public assistance payments are to be included as income for purposes of calculating food stamp benefits. *See, e.g., West v. Department of Public Welfare,* 63 Pa. Commonwealth Ct. 350, 438 A.2d 1012 (1981) (AFDC benefits included as income for calculation of food stamp benefits). We cannot contravene the clear language of the regulation. The CAO, therefore, correctly included the $117 public assistance payments in Petitioners' income.

Petitioners' second argument is that the weekly $7.50 in court-ordered arrearages for support which Mr. Ondrusek must pay should be excluded from income. We disagree. This Court has held that court-ordered child support payments, formerly a separate deduction, are now included as part of the standard deduction used by DPW for *all* FS recipients.[3] *Fredericks v. Department of Public Welfare,* 69 Pa. Commonwealth Ct. 315, 451 A.2d 12 (1982). Therefore, the $7.50 weekly support payments may not be excluded from Petitioners' income, as this would, in effect, deduct the amount twice, in the standard deduction and as a separate exclusion. This we will not do.

---

[3] The standard deduction is $85.00.

Accordingly, finding no error of law, violation of constitutional rights or lack of substantial evidence, we affirm the decision of the DPW.

### Order

And Now, July 18, 1985, the decision of the Department of Public Welfare in Case Number 16026, dated February 17, 1984, is affirmed.