**John V. HEATH, Appellant,**

v.

**SECRETARY, FOR CABINET FOR HUMAN RESOURCES, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1985.

Rehearing Denied Jan. 24, 1986.

John V. Heath, pro se.

Lynn T. Mitchell, Cabinet for Human Resources, Frankfort, for appellee.

Shaun W. Esposito, David A. Friedman, Legal Aid Society, Inc., Louisville, amicus curiae.

Before HAYES, C.J., and MILLER and REYNOLDS, JJ.

MILLER, Judge.

John V. Heath brings this appeal from a judgment of the Jefferson Circuit Court affirming a decision of the appellee, Cabinet for Human Resources (Cabinet), which denied his application for food stamps. Food Stamp Act, 7 U.S.C. § 2011 et seq. The question before us is whether a food stamp applicant bound to make court-ordered child-support payments to his children living with a former spouse may deduct the amount of these support payments from his income in determining his own eligibility for food stamps. The Cabinet and circuit court held that court-ordered child-support payments are not so deductible. We reverse.

The facts of this case are not in dispute. Heath applied for food stamp benefits. His income placed him above the eligibility limit. In attempting to qualify, he argued: (1) that he should be allowed to deduct medical expenses from his income; (2) that his three children by a previous marriage and in custody of his former spouse but who spent the weekends with him should be considered part of his "household"; and (3) that his court-ordered child-support payments for the three children living with his former wife should be excluded from his income in determining eligibility. All three contentions were denied and no serious argument is advanced as to arguments (1) and (2). Therefore, we conclude without discussion that the determination in regard to those issues was correct. However, contention (3) is of serious import and is strongly argued on this appeal.

The Food Stamp Act, originally passed in 1964, was enacted for the express purpose of raising the level of nutrition among low-income households and at the same time strengthening the nation's agricultural economy by promoting distribution of our agricultural abundance through normal channels of trade. See Hettleman v. Bergland, 480 F.Supp. 782 (D.Md.1979), and 7 U.S.C. § 2011. After several amendments, the Food Stamp Act of 1964 was essentially replaced by the Food Stamp Act of 1977. 2 U.S.Code Cong. & Ad.News 1704, 1978 (1977). It is a federal program under the United States Department of Agriculture (USDA), administered by participating states. In this Commonwealth, it is administered by the Cabinet for Human Resources. KRS 194.050. For the purpose of carrying out the Act, the Cabinet has promulgated rules in accordance with the Act and regulations of the USDA. The result is that state administrators determine eligibility solely upon the Act and USDA regulations. See Carter v. Blum, 493 F.Supp. 368 (S.D.N.Y.1980). The Cabinet's regulations (904 KAR 3:010 et seq.) and those of the USDA (7 C.F.R. 271 et seq.) are in accord. Entitlement upon demonstration of eligibility is, of course, a matter of right. See Reinbolt v. Weber, 399 N.Y.S.2d 757, 59 A.D.2d 1021 (1977). With the foregoing principles in mind, we examine the case at hand.

This is a case of first impression in Kentucky and it appears that federal courts have not ruled on this precise issue. Apparently, the only reported case which is squarely on point is the Pennsylvania lower court decision of Fredericks v. Commonwealth, Department of Public Welfare, 69 Pa. Commw. 315, 451 A.2d 12 (1982). The Fredericks court, in a 2–1 decision, held that child-support payments cannot be excluded when computing the level of income for the payor household. This decision was based on an analysis of changes in federal regulations promulgated under the Food Stamp Act. Prior to 1977, itemized deductions were used to calculate eligibility under the Act. Court-ordered child-support

payments were an authorized deduction. Under the amended act, the scheme of itemized deductions was scrapped and replaced with a single standard deduction. *See* 7 U.S.C. § 2014(e). The court reasoned the new standard deduction encompassed all previously enumerated itemized deductions and held payor households were not entitled to an additional deduction for child-support payments. The Pennsylvania court also rejected the petitioner's argument that child-support payments were to be excluded when calculating the payor household income under 7 U.S.C. § 2014. This section provides that "household income ... shall include all income from whatever source" *excluding* only things listed in § 2014(d)(1)–(12). Petitioners argued without success that child-support payments fall under § 2014(d)(6) which excludes "moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member." Congress illustrated the meaning of this section by citing the example of a payor household cashing a relative's pension check but using the money to support that relative in an institution. Obviously, the proceeds of the check would not be available to the payor household and hence, is excluded in calculating the income level of same. *See* 2 U.S.Code Cong. & Ad.News 2013 (1977). The Pennsylvania court, relying on this sparse legislative history, nevertheless rejected the petitioner's argument and declined to exclude child-support payments in computing the payor's eligibility.

We are not persuaded by the reasoning of the Pennsylvania court. While its interpretation of the food stamp regulations may be based upon logic, such an interpretation is contrary to the express Congressional purpose of the Food Stamp Act. We find that purpose can be fulfilled only if child-support payments expressly includable in the payee household (904 KAR 3:020 § 2[9]) are deductible from the payor household when determining eligibility under the Act. Any other interpretation may result in a denial of food stamps to two families simply because a household is divided by divorce and custody arrangements.

We reject the Cabinet's argument that the abolition of the scheme of itemized deductions, which was replaced by a standard deduction, precludes a finding that child-support payments are deductible from the payor household. One can easily argue that the failure to specifically address the need for a separate deduction for child support is attributable to Congress's belief that such payments were excludable under § 2014(d)(6). This is a plausible interpretation of the federal scheme and one that is in harmony with the general purposes of the Food Stamp Act.

In conclusion, we hold that if the Act is to be fairly administered, it should be interpreted so as to preclude a finding that child-support payments are income to two households. Since the regulations adopted by the Cabinet in defining "income" under 7 U.S.C. § 2014(d) specifically provide for inclusion of child-support payments as income in the payee household (904 KAR 3:020 § 2[9]), Mr. Heath should be entitled to exclude same from his income in determining his eligibility for food stamps.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is reversed.

All concur.

**J.H., Appellant,**