916 F.2d 179
 Robert Haven PAYNE, Plaintiff-Appellant,
v.
FEDERAL LAND BANK OF COLUMBIA, Defendant-Appellee,
Mountain Federal Land Bank Association; Mountain Farm
Credit Services; Maxie Love, Jr., in his capacity as
President of the Federal Land Bank of Columbia; Edwin E.
Frizzell, in his capacity of Executive Vice President and
Chief Credit Manager of the Mountain Farm Credit Services, Defendants,
United Farmers Organization, Amicus Curiae.
 No. 89-1028.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 10, 1990.
Decided Oct. 16, 1990.
Rehearing and Rehearing En Banc
Denied Nov. 9, 1990.
 
 Charles David Gantt, Asheville, N.C., for plaintiff-appellant.
 Steven Kropelnicki, Jr., Carter & Kropelnicki, P.A., Asheville, N.C., for defendant-appellee.
 Before WIDENER and SPROUSE,* Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 WIDENER, Circuit Judge:
 
 
 1
 Robert Haven Payne, appellant, is a farmer in Madison County, North Carolina. He purchased property in 1969 and mortgaged it to Federal Land Bank of Columbia to secure a loan. He defaulted on the loan and the bank foreclosed on the property. The bank bought the property at the foreclosure sale on December 3, 1987.
 
 
 2
 On April 21, 1988, the bank sent Payne a certified letter advising him that the property would be sold at a public auction on May 18, 1988. The letter notified Payne of his right to repurchase the property by matching the high bid submitted at the auction. Payne did not bid at the auction or match the winning bid. As a result, the property was sold to a third party.
 
 
 3
 On June 3, 1988, Payne filed suit in United States District Court for the Western District of North Carolina claiming that the bank did not comply with a provision of the Agricultural Credit Act, 12 U.S.C. Sec. 2219a (1989). The district court noted in its opinion that Payne filed a lis pendens and that the sale to the successful bidder at the auction has not been completed. On April 17, 1989, the district court dismissed the case under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief could be granted. As well, it dismissed Payne's motion for a temporary restraining order, preliminary injunction and partial summary judgment on grounds of mootness. Payne appeals from that judgment. The issue on appeal is whether the bank complied with its statutory obligation to give Payne a right of first refusal before selling the property to a third party.[1] We hold that it did not.
 
 
 4
 Payne claims that subsections (a), (b) and (d) of the statute should each be given effect. In other words, to dispose of the property at a public sale, the bank must comply with subsections (a) and (b) as well as subsection (d). This interpretation, however, is not consistent with the federal regulations which treat the subsections as alternatives. See 12 C.F.R. Sec. 614.4522 (1989).[2] It is at once apparent that the portion of the regulation speaking to public sales, 12 C.F.R. Sec. 614.4522(e), does not provide for a right of first refusal for a period of 30 days, a right explicitly given to the previous owners by subsections (a) and (b) of the statute. Indeed the regulation effectively reads subsection (b) out of the statute if the bank elects to sell at public auction. Thus, the question in this appeal is whether the interpretation of the statute provided by the regulations is "sufficiently reasonable" under Zenith Radio Corp. v. United States, 437 U.S. 443, 450, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978), to be accepted by a reviewing court. Because the interpretation of the statute found in 12 C.F.R. Sec. 614.4522 does not provide for a right of first refusal after the bank first "elects to sell" the property pursuant to Sec. 2219a(a) and (b)(1), we are of opinion the interpretation found in the federal regulations is not reasonable and reverse.
 
 
 5
 The district court correctly noted that the origin of any statutory construction is the statute itself. Payne v. Federal Land Bank of Columbia, 711 F.Supp. 851, 853 (W.D.N.C.1989) quoting Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Subsection (a) addresses in general terms the right of first refusal. It provides that the real estate "shall be subject to the right of first refusal of the previous owner to repurchase or lease the property, as provided in this section." 12 U.S.C. Sec. 2219a(a) (emphasis added). The plain meaning of subsection (a), especially as annunciated by the notice required in subsection (b)(1), is that the property should first be offered to the previous owner before the property is sold or leased. The subsection addressing public offerings, subsection (d), however, does not refer to the right of first refusal as annunciated by the notice and offer provisions of subsection (b). Nothing in subsection (d) serves as any indication of any negation or watering down of the right of first refusal mentioned in subsections (a) and (b), granted in the same statute, and enacted at the same time.
 
 
 6
 As well as subsection (a), the language of subsection (b)(1) is quite clear and needs no construction. When the institution "first elects to sell" the property, it must follow the procedures set out in the remainder of subsection (b). Accordingly, when the institution "first elects to sell" the property, it must give the previous owner of the property notice of the right of first refusal to purchase the property at appraised value or to make an offer at less than appraised value. This section applies whether the property is to be sold at a private sale or a public auction. The terms of the statute are plain and unambiguous, which should be sufficient to end the discussion, for the Supreme Court has stated, "[u]nless exceptional circumstances dictate otherwise, judicial inquiry into the meaning of the statute is complete once the Court finds that the terms of the statute are unambiguous." Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981).
 
 
 7
 If that were not enough, however, the legislative history bolsters our conclusion. The part of legislative history which is given the most weight is the conference report. "Inasmuch as the conference report represents the final statement of terms agreed upon by both houses of Congress, next to the statute itself, it is the most persuasive evidence of the Congressional intent behind the enactment of the statute." Davis v. Lukhard, 788 F.2d 973, 981 (4th Cir.), cert. denied, 479 U.S. 868, 107 S.Ct. 231, 93 L.Ed.2d 157 (1986).
 
 
 8
 The conference report indicates that both the House and the amended Senate versions of the legislation would establish a right of first refusal "under which the borrower would have the first option to reacquire the foreclosed property when the FCS institution disposes of it." 100th Cong., 1st Sess., 1987 U.S.Code Cong. & Admin.News 2956, 2971. There is no indication in a close reading of the legislative history that the right of first refusal described in subsections (a) and (b) of the statute is either superceded or was limited to that described in subdivision (d) of the statute by offering the property at public sale by auction or otherwise. Indeed, the conference report on this particular section of the legislation, which is found in 1987 U.S.Code Cong. & Admin.News at 2971-2973, on page 2971 describes the notice required by subsection (b)(1) as being "triggered" when the institution "first elects to sell" without other limitation and without reference to public sale. The notice provision of subsection (b)(1) was "triggered" at the latest when the bank wrote its letter of April 21, 1988, yet the bank did not comply with subsection (b)(1) of the statute.
 
 
 9
 In addition to the literal wording of the statute and the legislative history, Sutherland on Statutory Construction, 4th Ed., Sands, Sec. 46.05, p. 91, quoting from Sturges v. Crowninshield, 4 Wheat. (17 U.S.) 122, 202-03, 4 L.Ed. 529 (1819), on the subject of two provisions in the same instrument states:
 
 
 10
 Yet, in most cases, the plain meaning of a provision not contradicted by any other provision in the same instrument, is not to be disregarded because we believe the framers of the instrument could not intend what they say. It must be one in which the absurdity and injustice of applying the provision to the case would be so monstrous that all mankind would without hesitation, unite in rejecting the application.
 
 
 11
 We do not find that Congress did not mean what it said in subsections (a) and (b)(1) of the statute, much less that there is any absurdity or injustice in applying literally the provision for a first refusal.
 
 
 12
 In conclusion, supported by the plain language of the statute, the legislative history, Sutherland, and Sturges, we are of opinion that the bank was required to give Payne a right of first refusal under subsections (a) and (b)(1) of the statute.
 
 
 13
 The judgment of the district court is accordingly vacated and the case is remanded for proceedings not inconsistent with this opinion.
 
 
 14
 VACATED AND REMANDED.
 
 
 
 *
 Judge Sprouse was a member of the panel which heard oral argument in the case, but he later recused himself. He did not participate in the decision, which is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 [1]
 The statute, 12 U.S.C. Sec. 2219a, provides in pertinent part, with the catchline "Right of first refusal."
 (a) General rule
 Agricultural real estate that is acquired by an institution of the System as a result of a loan foreclosure or a voluntary conveyance by a borrower (hereinafter referred to in this section as the "previous owner") who, as determined by the institution, does not have the financial resources to avoid foreclosure (hereinafter referred to in this section as "acquired real estate") shall be subject to the right of first refusal of the previous owner to repurchase or lease the property, as provided in this section.
 (b) Application of right of first refusal to sale of property
 (1) Election to sell and notification
 Within 15 days after an institution of the System first elects to sell acquired real estate, or any portion of such real estate, the institution shall notify the previous owner by certified mail of the owner's right--
 (A) to purchase the property at the appraised fair market value of the property, as established by an accredited appraiser; or
 (B) to offer to purchase the property at a price less than the appraised value.
 (2) Eligibility to purchase
 To be eligible to purchase the property under paragraph (1), the previous owner must, within 30 days after receiving the notice required by such paragraph, submit an offer to purchase the property.
 (3) Mandatory sale
 An institution of the System receiving an offer from the previous owner to purchase the property at the appraised value shall, within 15 days after the receipt of such offer, accept such offer and sell the property to the previous owner.
 (4) Permissive sale
 An institution of the System receiving an offer from the previous owner to purchase the property at a price less than the appraised value may accept such offer and sell the property to the previous owner. Notice shall be provided to the previous owner of the acceptance or rejection of such offer within 15 days after the receipt of such offer.
 (5) Rejection of offer of previous owner
 (A) Duties of institution
 An institution of the System that rejects an offer from the previous owner to purchase the property at a price less than the appraised value may not sell the property to any other person--
 (i) at a price equal to, or less than, that offered by the previous owner; or
 (ii) on different terms and conditions than those that were extended to the previous owner,
 without first affording the previous owner an opportunity to purchase the property at such price or under such terms and conditions.
 (B) Notice
 Notice of the opportunity in subparagraph (A) shall be provided to the previous owner by certified mail, and the previous owner shall have 15 days in which to submit an offer to purchase the property at such price or under such terms and conditions.
 (d) Public offerings
 (1) Notification of previous owner
 If an institution of the System elects to sell or lease acquired property or a portion thereof through a public auction, competitive bidding process, or other similar public offering, the institution shall notify the previous owner, by certified mail, of the availability of the property. Such notice shall contain the minimum amount, if any, required to qualify a bid as acceptable to the institution and any terms and conditions to which such sale or lease will be subject.
 (2) Priority
 If two or more qualified bids in the same amount are received by the institution under paragraph (1), such bids are the highest received, and one of the qualified bids is offered by the previous owner, the institution shall accept the offer by the previous owner.
 
 
 [2]
 The part of the regulation applying to sales of the acquired property parallels the statute except for the underscored portion. It states in pertinent part:
 Except as provided in paragraph (e) of this section, System institutions electing to sell acquired property ...
 (1) Shall notify the previous owner by certified mail, within 15 days of the decision to sell the property, of the appraised fair market value of the property as established by an accredited appraiser and of the right:
 (i) To purchase the property at the appraised fair market value....
 
 
 [12]
 C.F.R. Sec. 614.4522(c). Subsection (e) of the same regulation parallels subsection (d) of the statute and provides
 (e) System institutions electing to sell or lease acquired property or a portion thereof through a public auction, competitive bidding process, or other similar public offering:
 (1) Shall notify the previous owner, by certified mail, of the availability of such property. Such notice shall contain the minimum amount, if any, required to qualify a bid as acceptable to the institution and any terms or conditions to which such sale or lease will be subject....
 
 
 [12]
 C.F.R. Sec. 614.4522(e) (1989)