**Connie STEVENS, Plaintiff,**

**v.**

**Larry D. JACKSON, Commissioner, Commonwealth of Virginia, Department of Social Services, and Edward R. Madigan, Secretary of Agriculture, Department of Agriculture, Defendants.**

**Civ. A. No. 91–0165–B.**

United States District Court,
W.D. Virginia, Big Stone Gap Division.

Aug. 20, 1992.

Sherry Lee Wilson, Client Centered Legal Services, Castlewood, Va., for plaintiff.

Virginia R. Manhard, Asst. Atty. Gen., Richmond, Va., John F. Corcoran, Asst.

---

U.S. Atty., Roanoke, Va., Thomas W. Millet, Phillip J. Green, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Connie Stevens ("Stevens") brings this action challenging the reduction of her food stamp allotment. The matter is presently before the court on motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Jurisdiction is asserted under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

### I.

Stevens resides in Russell County, Virginia and receives food stamps from the Russell County Department of Social Services ("RCDSS"). Larry D. Jackson ("Jackson") is Commissioner of the Virginia Department of Social Services, which administers the food stamp program. Edward R. Madigan ("Madigan") is the United States Secretary of Agriculture ("Secretary"). His department is responsible for promulgating federal food stamp regulations.

Stevens' household consists of her husband, her daughter, and herself. Stevens' husband receives a monthly Social Security Disability check of $472.00. Stevens and her daughter each receive $76.00 per month. Pursuant to an order from the Circuit Court of Russell County, the Social Security Administration withholds $266.00 per month from Mr. Stevens' disability benefits. This money is paid directly to Mr. Stevens' three children from a previous marriage to satisfy a court ordered child support obligation. These three children reside with their mother.

Prior to April, 1991, Stevens' household received $140.00 per month in food stamps. In March, 1991, the RCDSS learned of the withholding from Mr. Stevens' disability benefits. Thereafter, the RCDSS included this withholding in Stevens' household income, as defined under 7 U.S.C. § 2014(d). This resulted in a reduction in her food stamp allotment. Effective April 1, 1991, Stevens began receiving $40.00 per month in food stamps.

Stevens requested an administrative hearing, which was held on August 2, 1991. On September 18, 1991, the hearings officer issued his decision upholding the agency. On October 3, 1991, Stevens filed this action naming Jackson as the sole defendant. On October 28, 1991, Jackson filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). On January 23, 1992, this court ordered that Madigan be joined as a necessary party pursuant to Fed.R.Civ.P. 19(a). That same day, Stevens filed her amended complaint asserting that Defendants deprived her of property without due process of law in violation of the Fifth and Fourteenth Amendments, and that such deprivation was under color of state law in violation of 42 U.S.C. § 1983. Stevens asked this court to: (1) declare that Defendants' inclusion of money, deducted from her husband's disability benefits to satisfy a court ordered child support obligation, as income in calculating her food stamp benefits is improper; (2) permanently enjoin Defendants from reducing her food stamp allotment because of said withholding; (3) require Defendants to issue the food stamps she would have received but for the improper inclusion in household income; and (4) award cost and fees under 42 U.S.C. § 1988 and any other relief as may be just and necessary. On March 26, 1992, Madigan filed his motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). The court held a hearing on the motions on June 22, 1992.

### II.

■ An initial issue is whether the motions to dismiss are proper pleadings in this case. Stevens asserts the motions are improper because there is a "conflict in the law on this matter" and the motions are actually for summary judgment. Plaintiff's Amended Brief in Opposition to Defendant's Motion to Dismiss at 4. The court disagrees.

"In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its

allegations taken as true." *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir.1990). A motion to dismiss will not be granted "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989) (*quoting Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)).

If the above standard is met, "a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). As the Fourth Circuit has stated:

> In reviewing the legal sufficiency of the complaint, we construe the factual allegations "in the light most favorable to plaintiff." However, we are "not so bound with respect to [the complaint's] legal conclusions. Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint."

*Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.1991) (citations omitted), *cert. denied*, —— U.S. ——, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992). Therefore, the court will consider the merits of the motions to dismiss.

### III.

In order to receive food stamps, an individual's income and financial resources must be below national eligibility standards. 7 U.S.C. § 2014(a). The amount of benefits which a household receives is based on "household income." Section 2014(d) defines household income as including "all income from whatever source," with only fifteen narrow exemptions, *Id.* § 2014(d)(1)–(15), and five specific deductions, *Id.* § 2014(e). This case turns on the interpretation of one of these exemptions. Specifically, Stevens asserts that, under § 2014(d)(6), the money deducted from her husband's disability benefits is excluded from household income.

"As is appropriate in every case which turns on statutory construction, we begin with the language of the statute." *Adams v. Dole*, 927 F.2d 771, 774 (4th Cir.), *cert. denied sub nom. Adams v. Martin*, —— U.S. ——, 112 S.Ct. 122, 116 L.Ed.2d 90 (1991). "If the intent of Congress is clear, that is the end of the matter; for the court ... must give effect to the unambiguously expressed intent of Congress." *Id.* (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984)). "[J]udicial inquiry into the meaning of the statute is complete once the Court finds that the terms of the statute are unambiguous." *Payne v. Federal Land Bank of Columbia*, 916 F.2d 179, 182 (4th Cir.1990) (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)).

Section 2014(d)(6) excludes from household income any "moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member." 7 U.S.C. § 2014(d)(6). Stevens asserts that this section requires only that the money is: (1) received; and (2) used for the care and maintenance of a third-party beneficiary who is not a household member. However, such a reading would violate accepted canons of statutory interpretation by rendering the "received" element mere surplusage. *See United States v. Snider*, 502 F.2d 645, 652 (4th Cir.1974) (citations omitted) ("all parts of the statute must be read together, neither taking specific words out of context, nor interpreting one part so as to render the other meaningless"). The money could never be used by an individual without it first having been received by him. To give the receipt requirement meaning, it must be read as being modified by the phrase "for the care and maintenance of a third-party beneficiary who is not a household member." Thus, for the withholding from Mr. Stevens' disability check to be excluded from household income, the money must be: (1) received; (2) used; and (3) the receipt *and* use must be for the care of a third-party beneficiary who is not a household member. *See Goodier v. Block*, No.

80–CV–509, slip op. at 10–11 (N.D.N.Y. 1982) (unpublished) (cited in 102 A.L.R.Fed. 160, 185 (1991)).[1] The court will assume *arguendo* that Stevens has satisfied the first two requirements for excluding the withholding from income under § 2014(d)(6). However, it is the third requirement of the statute which Stevens cannot satisfy.

Stevens' household does not receive the disability benefits "for the care and maintenance of a third-party beneficiary who is not a household member." The money is provided to Mr. Stevens because he is a disabled person, not because he has children from a previous marriage. The receipt of the disability payments are not predicated on Mr. Stevens' obligation to support his children. The children are merely incidental beneficiaries of the benefits, not the intended beneficiaries. Accordingly, the court holds that under the plain language of the statute, the withholding is not excluded from household income.

This holding is supported by the legislative history of § 2014(d)(6). The House Committee noted:

> [T]his section would exclude moneys received by a household, but used for the care and maintenance of another person who is not a household member, for example, a relative's pension check that goes to and is cashed by the household and then is used to support that relative in an institution.

H.R.Rep. No. 464, 95th Cong., 1st Sess. 36, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1704, 1978, 2013. In the above example, the money is both received and used by the household for the direct benefit of an intended beneficiary. "The pension check ... would be received by the household *on behalf of* the third-party beneficia-

ry relative. Thus, the household would act merely as a conduit through which the money [would] flow from the payor to the relative." *Fredericks v. Commonwealth, Dep't of Public Welfare,* 69 Pa.Cmwlth. 315, 318, 451 A.2d 12, 14 (1982) (emphasis in original). The example is easily distinguished from the present case where the disability benefit checks are not issued on behalf of Mr. Stevens' children.

Stevens asks the court to follow *Heath v. Secretary, for Cabinet for Human Resources,* 704 S.W.2d 659, 660–61 (Ky.Ct. App.1985). In *Heath,* the court stated the following concerning the *Fredericks* decision:

> We are not persuaded by the reasoning of the Pennsylvania court. While its interpretation of the food stamp regulations may be based upon logic, such an interpretation is contrary to the express Congressional purpose of the Food Stamp Act.

*Id.* at 661.

The court declines to follow *Heath.* The general purpose of the Food Stamp Act must yield to specific provision such as § 2014(d)(6). Having read § 2014(d)(6) as not excluding the withholding, the court refuses to exclude the withholding based on the broad Congressional purpose of the Food Stamp Act.

The court also notes that, prior to 1977, itemized deductions were used in calculating net income for food stamp purposes. One such itemized deduction was for court-ordered support payments. However, Congress later replaced the itemized deductions by providing for a standard deduction found in 7 U.S.C. § 2014(e). *Fredericks,* 69 Pa.Cmwlth. at 320, 451 A.2d at 15.[2] This change supports the court's conclusion that Stevens is not entitled to any additional

---

1. In *Goodier,* the court stated:
   Congress chose to use the phrase "received and used" for the care and maintenance of third party beneficiaries when fashioning this section. The word "received" must be given some meaning ... Thus, in order to qualify for this exclusion, moneys must be both received for the care and maintenance of a third party beneficiary and used for such care and maintenance.

*Goodier,* slip op. at 10–11.

2. The *Heath* court stated, "One can easily argue that the failure to specifically address the need for a separate deduction for child support is attributable to Congress' belief that such payments were excludable under § 2014(d)(6)." *Heath,* 704 S.W.2d at 661. Given this court's interpretation of § 2014(d)(6), this statement is without merit.

exclusion or deduction for child support from household income. *Ondrusek v. Commonwealth, Dep't of Public Welfare,* 90 Pa.Cmwlth. 452, 455, 496 A.2d 70, 72 (1985).

Finally, the court notes that the regulations promulgated by the Secretary support the court's decision. The regulations track the statutory exclusion for "[m]oneys received and used for the care and maintenance of a third-party beneficiary who is not a household member." 7 C.F.R. § 273.-9(c)(6). The regulations also provide for the proration of the exclusion under this subsection when there are several intended beneficiaries of a single payment, some of whom are household members. The regulations provide that "[i]f the intended beneficiaries of a single payment are both household and nonhousehold members, any identifiable portion of the payment *intended and used* for the care and maintenance of the nonhousehold members shall be excluded." *Id.* (emphasis added). An agency's construction of its own regulation is entitled to substantial deference. *Lyng v. Payne,* 476 U.S. 926, 939, 106 S.Ct. 2333, 2341, 90 L.Ed.2d 921 (1986). Therefore, the Secretary's use of the phrase "intended and used" in place of "received and used" supports this court's conclusion that receipt of the money must be on behalf of a third-party beneficiary.

### IV.

Although not asserted in the amended complaint, Stevens asserts in her Amended Brief in Opposition to Defendant's Motion to Dismiss that the withholding is excluded from income as a "vendor payment" under the Virginia Food Stamp Manual ("Manual"). This contention is without merit.

The Manual defines "vendor payments" as follows:

A payment made in money on behalf of the household shall be considered a vendor payment whenever a person outside of the household or an organization uses its own funds to make a direct payment on behalf of the household. NOTE:

Some payments appear to meet the general definition of a vendor payment but are counted as income. They are described further in this section.

Virginia Food Stamp Manual, Volume V, Part XI, page 14.[3] The Manual goes on to state:

NOTE: Monies that are legally obligated and otherwise payable to the household, but which are diverted by the provider of the payment to a third party for household expenses, shall be counted as income and not excluded as a vendor payment. The distinction is whether the person or organization making the payment on behalf of a household is using funds that otherwise would have to be paid to the household.

*Id.* at 15.[4]

The Manual then gives the following example:

*Example # 2:* Support and alimony payments to a third party shall be excluded from consideration as income, i.e., they shall be considered as vendor payments, when:

—*a court order or other legally binding agreement specifies that the payments go directly to a third party rather than to the household.*

—the payments are not obligated to the household by court order or other legally binding agreement. This includes payments in excess of the amount specified by a court order or agreement which are paid to a third party rather than to the household. These payments are excluded even if the household agrees to the arrangement.

When the individual making a required support or alimony payment deducts or diverts all or part of the payment to a third party for a household expense, the amount paid to the third party is counted as income.

---

3. This provision follows 7 C.F.R. § 273.-9(c)(1)(i).

4. This provision follows 7 C.F.R. § 273.-9(c)(1)(iv).

*Id.* at 16 (emphasis added).[5]

Stevens relies on the emphasized portion of the example for the proposition that the withholding is excluded from her household's income. However, Stevens has misread the Manual. The above example deals with a situation where the payor of the support is ordered by the court to send the support directly to a third-party, i.e., someone other than the payor or payee of the support, rather than to the payee. The "household" in the example is that of the payee of the support. In such a case, the payee of the support can exclude the payment from *their* income as a vendor payment. Obviously, this is not the situation in the present case. Therefore, Stevens cannot exclude the withholding from income as a vendor payment.

## V.

Stevens also asserts for the first time in her brief that the mandatory withholding from the disability benefits is not a garnishment and thus should not be included as household income. This argument is in response to Jackson's statement in his motion to dismiss that the "inclusion of a court ordered child support obligation as 'income' ... is no different than the inclusion of garnished wages, which Congress ... specifically stated should be included as income...." In support of this statement, Jackson quoted the comments in the House Report that accompanied the 1977 amendments to the Food Stamp Act:

It should be noted that any money payable to a household, but diverted from it to a third party, either of the household own free will (e.g., an arrangement with an employer to deduct the rent and mail it to the landlord) or involuntarily (e.g., court-ordered garnishment of wages) would be counted as income and would not be excluded pursuant to [7 U.S.C. § 2014(d)(1) ].

H.R.Rep. No. 464, 95th Cong., 1st Sess. 34, reprinted in 1977 U.S.Code Cong. & Admin. News 1978, 2011.

Stevens seeks to make a distinction without a difference. Even assuming that the withholding is not a garnishment, the withholding is included in household income under the court's reading of § 2014(d)(6) and the above quotation. This same argument was rejected in *Goodier.* There, the court stated:

Plaintiffs ... contend that a support payment via a wage deduction order is not a "garnishment" because, in other situations the payor household has enjoyed some benefit from the obligation to pay, while the household paying a support obligation gets no underlying benefit for the expenditure of this money. However, the [House Report quoted above] does not distinguish between types of garnishments. Indeed the term "garnishment" is merely one example of money payable to a household, but diverted involuntarily. There is no question that the monies paid for support would be payable to the household, but for the fact that they were later diverted involuntarily. Thus, the monies are not excludable from the payor household's income under this section.

*Goodier,* slip op. at 9–10. This same reasoning applies to the present case. Therefore, the withholding is included in Stevens' household income.

## VI.

For the foregoing reasons, the court finds that the withholding from Mr. Stevens' disability benefits is properly included in Stevens' household income for purposes of determining food stamp eligibility. Therefore, the court finds that Stevens is entitled to no relief under any state of facts which could be proved in support of her claim. Accordingly, the court grants the Defendants' motions to dismiss. The court will enter an appropriate order.

The case is hereby stricken from the court's docket.

---

**5.** This provision is a restatement of 7 C.F.R. § 273.9(c)(1)(iv)(C).