644 A.2d 118

J.S., APPELLANT, v. NEW JERSEY DEPARTMENT
OF HUMAN SERVICES, DIVISION OF FAMILY
DEVELOPMENT, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 26, 1994—Decided June 22, 1994.

Before Judges BRODY, STERN and KEEFE.

Legal Aid Society of Mercer County, *Patrick N. Budd,* Director, attorney for appellant (*Adena Adler,* of counsel and on the brief).

*Deborah T. Poritz,* Attorney General, attorney for respondent (*Dennis J. Conklin,* Senior Deputy Attorney General, on the letter brief).

The opinion of the court was delivered by

BRODY, P.J.A.D.

This is an appeal from a decision of the Director of the Division of Family Development in the Department of Human Services. The Director upheld the determination of the Mercer County Board of Social Services. The Board had notified appellant that because his household income exceeded the allowable maximum, his household would no longer be eligible to receive food stamps. Appellant's household consists of himself, his wife and two children. His household income exceeds the maximum only if it

includes $390 a month that his employer withholds under a court order for the support of four children of appellant's first marriage. Those children live in New York with their mother. The Director rejected the initial decision of an administrative law judge who had held that the sum withheld by appellant's employer is to be excluded from his household income when considering eligibility for food stamps. We conclude that the Director correctly interpreted the applicable statute.

The Food Stamps Program, which is federally funded, is designed to "alleviate ... hunger and malnutrition" among the members of low-income households. 7 *U.S.C.A.* § 2011. The nationwide program is administered by state agencies pursuant to state statutes and regulations that are required to track federal statutes and regulations promulgated by the United States Secretary of Agriculture. 7 *U.S.C.A.* § 2014(b). The maximum allowable household income for households to be eligible for the program is expressed in the federal statute as "all income from whatever source" reduced by specified exclusions, a standard deduction tied to the Consumer Price Index, and specified deductions. 7 *U.S.C.A.* § 2014(d) and (e).

One of the § 2014(d) exclusions is for "(6) moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member[.]" The corresponding New Jersey regulation, *N.J.A.C.* 10:87–5.9(a)(10), provides in relevant part:

> Only the following shall be excluded from household income; no other income shall be excluded.
>
>     \*        \*        \*        \*        \*        \*        \*
>
> Money received and used for the care and maintenance of a third-party beneficiary who is not a household member shall be excluded.

The issue before us is whether payments from income by a household member to a nonhousehold member to satisfy a legal child-support obligation are excludable from the payor's household income as "[m]oney received and used for the care and mainte-

nance of a third-party beneficiary who is not a household member[.]" The case law is in conflict.

The only federal case supports the Director's decision. *Stevens v. Jackson,* 800 *F.Supp.* 344 (W.D.Va.1992). There the court held that Social Security disability income to a household member paid directly to his former wife for the support of three children of his prior marriage in her custody was not excludable from his household income when calculating whether his household was eligible for food stamps. The court held that the income was not "received ... for the care and maintenance" of the three children although it was "used" for that purpose. The income was "received" by the household member because he was entitled to receive disability payments. *Id.* at 346–47.

The court relied in part on the following statement of the House Committee respecting the § 2014(d)(6) exclusion:

[T]his section would exclude moneys received by a household, but used for the care and maintenance of another person who is not a household member, for example, a relative's pension check that goes to and is cashed by the household and then is used to support that relative in an institution. [H.R.Rep. No. 464, 95th Cong., 1st Sess. 36, reprinted in 1977 U.S.Code Cong. & Admn.News 1704, 1978, 2013.]

The court held that the exclusion from household income applied only if "the household would act merely as a conduit through which the money [would] flow from the payor to the relative." *Id.* at 347.

*Fredericks v. Commonwealth Department of Public Welfare,* 69 *Pa.Cmwlth.* 315, 451 *A.*2d 12 (1982) made the same analysis and arrived at the same conclusion. The court also pointed out that in adopting a standard deduction in 1977, Congress replaced an itemized list of deductions that had included a deduction for court-ordered support payments. *Id.* 451 *A.*2d at 15. Congress thereby made it clear that court-ordered child-support payments could no longer be used to reduce household income when calculating whether a household is eligible for food stamps.

The strongest argument for allowing an exclusion for child-support payments is based on a policy consideration. Among the kinds of unearned income taken into account when calculating

whether a household is eligible for food stamps, are "Support and alimony payments made directly to the household from nonhousehold members." *N.J.A.C.* 10:87–5.5(a)5. Thus unless child-support payments are excluded from the income of the payor's household, the same income will be counted to reduce food stamp eligibility in two households contrary to the policy of the program to alleviate hunger and malnutrition. That concern prompted a Kentucky court to hold that 7 *U.S.C.A.* § 2014(d)(6) allows an exclusion for child-support payments. In *Heath v. Secretary, For Cabinet For Human Resources,* 704 *S.W.*2d 659, 661 (Ky.App. 1985) the court held:

> We find that [Congress's] purpose can be fulfilled only if child-support payments expressly includable in the payee household ... are deductible from the payor household when determining eligibility under the Act. Any other interpretation may result in a denial of food stamps to two families simply because a household is divided by divorce and custody arrangements.

> \*     \*     \*     \*     \*     \*     \*     \*

> [W]e hold that if the Act is to be fairly administered, it should be interpreted so as to preclude a finding that child-support payments are income to two households. Since the regulations adopted by the Cabinet in defining "income" under 7 U.S.C. § 2014(d) specifically provide for inclusion of child-support payments as income in the payee household ... [appellant] should be entitled to exclude same from his income in determining his eligibility for food stamps.

We recognize the force of the reasoning advanced in *Heath,* but we subscribe to the reasoning in *Stevens* because it adheres to the language of 7 *U.S.C.A.* § 2014(d)(6).

Congress obviously recognized that once a family separates, it is impossible to treat it economically as though it were still a single household. Increasing the income of the payee's household by the amount of child-support payments is offset by the higher maximum household income allowable for food stamp eligibility because the children being supported are part of that household. *N.J.A.C.* 10:87–12.3. Congress has now recognized that it may be unfair to the payor's household to have no similar higher allowable maximum household income to offset the fact that the payor is spending part of his income to support children who are not part of his household. The remedy it chose is to amend 7 *U.S.C.A.* § 2014(e),

to be implemented by state agencies no later than October 1, 1995, to add a specific, though not necessarily full, deduction for such child-support payments. 7 *U.S.C.A.* 2014(e) *as amended by* Act of Aug. 10, 1993, 7 *U.S.C.A.* 2014(e) (P.L. 103–66, § 13921). The amendment allows the payments to be used to reduce "monthly household income" when calculating whether the payor's household is entitled to an excess shelter expense deduction, the amount by which a household's monthly shelter expense exceeds 50 percent of its "monthly household income":

> Before determining the excess shelter expense deduction, all households shall be entitled to a deduction for child support payments made by a household member to or for an individual who is not a member of the household if such household member was legally obligated to make such payments, except that the Secretary [of Agriculture] is authorized to prescribe by regulation the methods, including calculation on a retrospective basis, that State agencies shall use to determine the amount of the deduction for child support payments.

We consider this direct response to the deductibility of child-support payments to a member of another household as Congress's definitive and exclusive treatment of the issue.

We therefore conclude that legally obligated child-support payments by the member of one household for children who are members of another household are not excludable under 7 *U.S.C.A.* § 2014(d)(6) from the payor's household income when calculating its eligibility for food stamps. Such payments will be deductible, however, to the extent provided in the recent Congressional amendment to 7 *U.S.C.A.* § 2014(e) and the corresponding State statutes and regulations to come.

Affirmed.