ERVIN, Judge.
Appellant, Joseph F. Sabbia, appeals from an order entered by the Department of Health and Rehabilitative Services, which found him ineligible to receive food stamp benefits, because his income exceeded the maximum ceiling for eligibility. In so finding, the department included in Mr. Sabbia’s household income calculation social security disability benefits which Mr. Sabbia has directly deposited into his former wife’s bank account for court-ordered child support. Mr. Sabbia argues that the money should have been excluded from his income calculation based on section 2014(d)(6) of Title 7 of the United States Code, which recognizes an exclusion for “moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member.” We do not agree. The language of this exclusion has been construed as not encompassing child support payments. See Fredericks v. Pennsylvania Dep’t of Pub. Welfare, 69 Pa.Cmwlth. 315, 451 A.2d 12 (1982); Stevens v. Jackson, 800 F.Supp. 344 (W.D.Va. 1992); J.S. v. New Jersey Dep’t of Human Servs., 274 N.J.Super. 314, 644 A.2d 118 (App.Div.1994). Cf Heath v. Secretary, for Cabinet for Human Resources, 704 S.W.2d 659 (Ky.Ct.App.1985).
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.