Carolyn FRYMIRE, John H. Olson, Jerry Robinett, C. Dean Steppler, Michael E. Lutz, Mark J. Naccarella, Gordon McManus, David R. Berg, Richard G. Goin, Michael C. Shannon, Phyliss Martinez, James Platt, Arthur D. Wood, Jr., Frank Boerner, Diana Madsen, E. Charles Robinson, Fred Ammermann, Sharon Canales, LaJuana Bremer, Donald N. Tow, Donald R. Suit, Shirley L. Knott, Dave Ruby, Mark C. Yarns, Howell E. Shepard, Shirley S. Elliott, Robert B. Wood, James W. McWilliams, Kent G. Karper, Richard Alderman, Tom Carley, Rose Roybal, Kenneth W. Brown, Juanita B. Nichols, Bonnie Staton, Carolyn J. Newland, Robert Wallace, Daniel J. Silva, Jeannette A. Portrey, Jack Evans, Leslie Gene Ward, James F. Soule, Jr., Mary Jane Kimmel, Mitsuko Smelker, Judy Hoyle, Lauri Gloria, Art Baca, Sue M. Harrison, Randy W. Lee, Robert M. Pucci, Jr., Michael Gorham, Paul A. Hann, Jo Ann Hann, Doyle McAlister, Glen Meissner, Joanne Gianni, Paul Box, Joanne M. Runstadler, Bobby Vanlandingham, Christopher Jacobson, Robert Kalkman, Jeffrey Foerster, Douglas Dow, Steven Mohr, Daniel Greenleaf, Cecelia Cordova, David Blair, Robert Salazar, Chris Caceres, on Behalf of themselves and all others similarly situated, Plaintiffs,

v.

AMPEX CORPORATION, a California corporation, Defendant.

Civ. A. No. 91–S–1858.

United States District Court, D. Colorado.

Jan. 7, 1994.

Barney Iuppa, Iuppa, Simons & Martin, Colorado Springs, CO, for plaintiffs.

Cecil Raymond Hedger, Harding & Ogborn, Denver, CO, Joseph A. Schwachter,

Littler, Mendelson, Fastiff, Tichy & Mathiason, San Francisco, CA, for defendant.

## ORDER

SPARR, District Judge.

THIS MATTER came on for trial before the Court on May 25, 1993. The Plaintiffs assert a claim under the Worker Adjustment and Retraining Notification Act [hereafter the WARN Act], 29 U.S.C. § 2101 *et seq.* The WARN Act is designed (among other things) to provide workers with prior notice of plant closings or relocations so that the workers may be able to plan their employment future accordingly. It provides protection to workers, their families, and communities by requiring employers to provide notification sixty calendar days in advance of plant closings and mass layoffs. 20 C.F.R. § 639.-1(a). It requires notification to employees who, as part of a mass layoff or plant closing, suffer employment loss. 29 U.S.C. § 2101(a). In order to assert a claim under the WARN Act, Plaintiffs here must meet the statutory threshold number (at least fifty employees who comprise at least 33% of the workforce), at a single site of employment. 29 U.S.C. § 2101(a)(3)(B). The Plaintiffs in this action were employees of the Defendant at the Video Systems Corporation, and were laid off between November 1990 and January 1991.

### I. Procedural History

The Defendant had previously filed a motion for summary judgment July 14, 1992. That motion was denied in part and granted in part, in an order dated September 14, 1992. In that order, the Court held that the Plaintiffs had met the requisite 33% threshold for maintaining their WARN Act suit as to the Video Systems facility, but failed to reach the threshold as to the Recording Systems facility. The Court denied the Defendant's motion for reconsideration, and in an order filed February 26, 1993, granted class certification to the Plaintiffs. On May 10, 1993, the Court denied the Defendant's motion to amend its answer to assert the affirmative defense of tolling of the statute of limitations, 821 F.Supp. 651. This matter

then proceeded to trial to the court on May 25, 1993. Written closing arguments were filed by Plaintiffs on June 8, and by Defendant on June 9, 1993.

## II. Issues Raised at the Trial

■ In order to qualify for WARN Act protection the Plaintiffs must meet each of the three elements of the threshold requirement: (1) fifty or more employees (and at least 33% of the employees); (2) suffered an employment loss; (3) at a single site of employment. *United Mine Workers Intern. v. Harman Mining Co.*, 780 F.Supp. 375, 377 (W.D.Va.1991). At trial, the Defendant again raised its argument that the Video Systems Corporation constitutes a single site of employment, and that therefore, the Plaintiffs may not maintain their action because they have not met the requisite 33% under the WARN Act. The matters for resolution in this order include the following: whether the Plaintiffs can assert a claim under the WARN Act because the two facilities constituted a single site of employment; whether the Defendant is entitled to a good faith defense to liability based on the sufficiency of the notice distributed to its employees; whether the Defendant, if liable for damages, is entitled to any setoff of damages for previous payments made to Plaintiffs; and finally, the determination of the amount of damages due to Plaintiffs. The Court will address each issue in turn.

## A. The Single Site of Employment Issue

As outlined above, the Court has previously ruled on this issue in the Defendant's motion for summary judgment. The Court has heard additional arguments on this matter by counsel for Defendant. The Court will now incorporate its reasoning given at the trial for denying the Defendant's Rule 52(c) motion on this issue, and also adopt its previous ruling on the Defendant's motion for summary judgment, that the Video Systems Plaintiffs have met the threshold under the WARN Act and Defendant is liable for its failure to give notice as required under the WARN Act.

## B. Sufficiency of Notice Provided to Employees and the Good Faith Defense

■ The WARN Act, at 29 U.S.C. § 2104(a)(4) provides:

If an employer which has violated the Act proves to the satisfaction of the court that the act or omission that violated this Act was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this Act the court may, in its discretion, reduce the amount of the liability or penalty provided in this section.

Defendant has argued that it gave sufficient notice to Plaintiffs, and alternatively, if it did not, then it gave notice which it did not believe was in violation of the WARN Act. The Department of Labor has promulgated regulations to fill in details regarding the notice provision of the Act. At 20 C.F.R. § 639.6(b), the regulation instructs that notice is required to be given to employees who may reasonably be expected to experience an employment loss. The subsection notes further that, if at the time of notice the employer can't identify *the employee* who may reasonably be expected to experience an employment loss due to the elimination of a particular position, the employer must provide notice to the incumbent in that position. Emphasis was added because the regulations regarding notice refer primarily to "the" employee, and the Court finds this noteworthy.

With regard to the contents of the notice, 20 C.F.R. § 639.7 provides first and foremost that all notice must be specific. The specificity identified in this section concerns (with regard to nonunion employees) a statement as to whether the planned action is expected to be permanent or temporary, and if the plant is to be closed, a statement to that effect, the expected date of the plant closing or mass layoff and the expected date the *individual employee* will be separated, an indication whether or not bumping rights exist, and the name and telephone number of a company official to contact for further information. 20 C.F.R. § 639.7(d)(1)–(4). Finally, the regulations also provide some guidance as to how the notice should be served. Receipt by mail, personal delivery, and inser-

tion of the notice into pay envelopes of affected employees are all contemplated in 20 C.F.R. § 639.8. That section also states that a ticketed notice, *i.e.*, preprinted notice regularly included in each employee's pay check or envelope does not meet the requirements of WARN.

It is clear from a perusal of the regulations that the notice must contain certain specifics, such as the likely closing date and the identification of the employees affected (as well as any rights they may have), and that the notice must be directed to each affected employee. Although the Defendant argues that it notified its employees as specifically as it could regarding the details of its reduction in force, it is clear that upon examination of Defendant's exhibits Y and Z (interoffice memoranda addressed to "all employees") that the "notice" distributed by the Defendant does not comply with WARN Act requirements. No effort is made to identify the affected employees—even as a group—of any impending layoff on a particular date. The first memorandum (Defendant's exhibit Y) makes only a veiled reference to any layoff, and reads more like a press release. The second memorandum (Defendant's exhibit Z) announces that some employees would be laid off on the date of the memo, but still does not specify any necessary details. It is not clear what purpose the memoranda were intended to accomplish, but it cannot reasonably be said to provide any kind of meaningful notice for affected employees. The Defendant may not circumvent the spirit and letter of the WARN Act by baldly asserting "that was all we knew at the time." For these reasons, the notice provided is insufficient, and the Court will not allow the Defendant to avail itself of the good faith exception outlined above.

### C. Defendant's Good Faith Belief and Applicability of Setoffs

■ Defendant raised the argument at trial that, because it paid severance benefits (which it identifies as "pay in lieu of notice") and other payments to Plaintiffs, the Plaintiffs may not now recover damages under the WARN Act. Defendant misapprehends the nature of the WARN Act. The Act provides (among other things) a penalty for a compa-

ny's failure to give timely notice of a plant closing to the plant's employees. At § 2104(a)(2), the WARN Act provides that the amount of liability shall be reduced by wages paid to the employee during the violation period, any voluntary and unconditional payment which is not required by any legal obligation, and payments to a trust for employee benefits. The "pay in lieu of notice" paid by the Defendant to the Plaintiffs does not fall under any of these recognized categories, and accordingly it will not serve to decrease the Defendant's liability. Accordingly, the Court concludes that Defendant's payment of any severance benefits cannot serve to mitigate or otherwise render inapplicable the measure of damages pursuant to the statute.

With regard to Defendant's assertion that it is entitled to some overall mitigation or nullification of liability because it voluntarily implemented the "pay in lieu of notice" payments to Plaintiff, and these payments serve the same purposes intended under the WARN Act, the Court notes that this type of exception is not contemplated by the statute and one will not be created by this Court.

Because Defendant is not entitled to any good faith defense or any kind of setoff, and its liability for penalties has been established, the Court will now proceed to the issue of calculation of damages.

### III. Damages

■ The parties have submitted (Defendant's) exhibit 2C as the calculation of damages for the Plaintiffs. The only remaining issue as to the damages is the number of days on which the Plaintiffs may recover the penalty amount. Defendant argues, in its closing brief, that "days" in the WARN Act refers to working days only, therefore excluding weekends and holidays. The Court will construe the statutory terms according to their meaning, and the ordinary meaning of "days" is not working days. See *Carpenters Dist. Council v. Dillard Dept. Stores*, 778 F.Supp. 297, 309 (E.D.La.1991). Accordingly, Plaintiffs will recover the appropriate amount of penalty (according to a portion of the annual salary of each Plaintiff) for the period of 58 days. With regard to this calcu-

lation, the total figure is broken down according to the amount of salary and number of penalty days. The majority of the Plaintiffs are entitled to fifty-eight days as a penalty multiplier, but some Plaintiffs did receive notice and their damages will be calculated with different multipliers. The matrix below will reflect this calculation as well as subtract the amounts recoverable by the four individuals who opted out of the class. The penalty for Kent Demke is also subtracted from the total damages, pursuant to this Court's ruling at trial. The four persons who opted out of this action, Jimmy Bauer, Dale Colbert, Susan Nagel–Griffin, and Linda Warves, are also not listed below.

| Name | Daily Salary | 58 Days Salary |
|---|---|---|
| Joseph Adams | $ 74.00 | $ 4292.00 |
| Richard Alderman | $ 174.32 | $ 10,110.56 |
| Frederick Ammerman | $ 156.92 | $ 9101.36 |
| Barbara Austin | $ 144.00 | $ 8352.00 |
| Art Baca | $ 143.17 | $ 8303.86 |
| Nicholas Bacica | $ 266.03 | $ 15,429.74 |
| less 32 days | | -$ 8512.96 |
| David Berg | $ 108.80 | $ 6310.40 |
| Bruce Blair | $ 143.18 | $ 8432.04 |
| David Blair | $ 106.40 | $ 6171.20 |
| Paul Box | $ 219.23 | 12,715.34 |
| less 42 days | | -$ 9207.66 |
| Lajuana Bremer | $ 83.92 | $ 4867.36 |
| Chris Caceres | $ 79.62 | $ 4617.96 |
| Sharon Canales | $ 69.04 | $ 4004.32 |
| Jo Ann Charles | $ 87.20 | $ 5057.60 |
| Harry Clasbey | $ 265.02 | $ 15,371.16 |
| LaVonne Cook | $ 56.96 | $ 3303.68 |
| Karen Cooper | $ 203.86 | $ 11,823.88 |
| Cecilia Cordova | $ 68.88 | $ 3995.04 |
| Eugene Cox | $ 78.24 | $ 4537.92 |
| Robert Crow | $ 190.52 | $ 11,050.16 |
| less 27 days | | -$ 5144.11 |
| Larry Daniels | $ 143.58 | $ 8327.64 |
| Patricia Davis | $ 81.42 | $ 4722.36 |
| Roland Derozan | $ 59.96 | $ 3303.68 |
| Thomas Douglas | $ 105.68 | $ 6129.44 |
| Douglas Dow | $ 130.15 | $ 7548.70 |
| Richard Edwards | $ 175.52 | $ 10,180.16 |
| Shirley Elliott | $ 97.75 | $ 5669.50 |
| Jack Evans | $ 84.00 | $ 4872.00 |
| Jeffrey Foerster | $ 141.46 | $ 8204.68 |
| less 49 days | | -$ 6931.54 |
| Carolyn Frymire | $ 72.08 | $ 4180.64 |
| Keith Fuqua | $ 76.32 | $ 4426.56 |
| Joanne Gianni | $ 184.62 | $ 10,707.96 |
| Modesto Gonzales | $ 54.64 | $ 3169.12 |
| George Greenfield | $ 302.95 | $ 17,571.10 |
| less 14 days | | -$ 4241.30 |
| Daniel Greenleaf | $ 155.77 | $ 9034.66 |
| Robert Guiette | $ 242.54 | $ 14,067.32 |
| Sue Mae Harrison | $ 73.12 | $ 4240.96 |
| Christopher Hartung | $ 73.92 | $ 4287.36 |
| Judith Hoyle | $ 65.52 | $ 3800.16 |
| Diana Hugley–Hay | $ 126.92 | $ 7361.36 |

| Name | Daily Salary | 58 Days Salary |
|---|---|---|
| Christopher Jacobson | $ 150.46 | $ 8726.68 |
| Robert Lew James | $ 108.40 | $ 6287.20 |
| Sue Johnson | $ 67.20 | $ 3897.60 |
| Robert Kalkman | $ 118.52 | $ 6874.16 |
| Kent Karper | $ 127.44 | $ 7391.52 |
| Mary Jean Kimmel | $ 77.52 | $ 4496.16 |
| Shirley Knott | $ 84.32 | $ 4890.56 |
| Dennis Kottenstette | $ 139.57 | $ 8095.06 |
| Gary Lawson | $ 142.34 | $ 8255.72 |
| Michael Lutz | $ 74.64 | $ 4329.12 |
| Karin Mack | $ 74.68 | $ 4331.44 |
| Diana Madsen | $ 84.28 | $ 4888.24 |
| Phyliss Martinez | $ 75.76 | $ 4394.08 |
| John Maxwell | $ 150.92 | $ 8753.36 |
| Doyle McAlister | $ 180.88 | $ 10,491.04 |
| Gordon McManus | $ 125.08 | $ 7254.64 |
| James McWilliams | $ 243.28 | $ 14,110.24 |
| less 28 days | | -$ 6811.84 |
| Steven Mohr | $ 108.32 | $ 6282.56 |
| Ron Myers | $ 76.32 | $ 4426.56 |
| Mark Naccarella | $ 191.40 | $ 11,101.20 |
| Timothy Pelham | $ 94.64 | $ 5489.12 |
| Lela Pennington | $ 169.02 | $ 9803.16 |
| James Platt | $ 102.80 | $ 5962.40 |
| Jeanette Portrey | $ 78.40 | $ 4547.20 |
| Robert Pucci | $ 182.68 | $ 10,595.44 |
| Charles Rawlings | $ 403.85 | $ 23,423.30 |
| E. Charles Robinson | $ 87.68 | $ 5085.44 |
| Rose Roybal | $ 102.16 | $ 5925.28 |
| Julie Royston | $ 75.23 | $ 4363.34 |
| Dave Ruby | $ 88.72 | $ 5145.76 |
| Robert Salazar | $ 50.00 | $ 2900.00 |
| Richard Searles | $ 213.92 | $ 12,407.36 |
| Mark Shandley | $ 220.38 | $ 12,782.04 |
| Michael Shannon | $ 105.04 | $ 6092.32 |
| Mitsuko Smelker | $ 103.98 | $ 6030.84 |
| Bonnie Staton | $ 156.05 | $ 9050.90 |
| Barbara Taylor | $ 62.40 | $ 3619.20 |
| Donald Tow | $ 178.15 | $ 10,332.70 |
| Norma Udovich | $ 118.62 | $ 6879.96 |
| Bobby Vanlandingham | $ 150.74 | $ 8742.92 |
| Paul Velasquez | $ 74.16 | $ 4301.28 |
| Angel Viruet | $ 74.00 | $ 4292.00 |
| Richard Wainio | $ 126.14 | $ 7316.12 |
| David Wanek | $ 211.52 | $ 12,268.16 |
| less 14 days | | -$ 2961.28 |
| Mark West | $ 73.92 | $ 4287.36 |
| Subtotal | | $ 621,539.02 |
| LESS | | -$ 43,810.69 |
| TOTAL | | $ 577,728.33 |

## IV. Attorney's Fees

The WARN Act, at § 2104(a)(6), provides that the court may, in its discretion, allow the prevailing party a reasonable attorney's fee as part of the costs. Plaintiffs have requested their attorney's fees in this action, and the

Court will grant them such fees as part of the costs. Counsel for the Plaintiffs is therefore directed to submit, on or before January 31, 1994, an affidavit regarding his attorney's fees. Defendant shall file an objection, if any it has, on or before February 18, 1994.

The Clerk is accordingly directed to enter judgment in favor of Plaintiffs and against the Defendant in the total amount of $577,-728.33. Plaintiffs shall have their costs and any other appropriate relief to which they may be entitled under the WARN Act.